# Weekly Abstract Of Pending Cases

## No. 357

UNITED STATES LLOYDS v. SAM KATZ

No. 18574. Ohio Supreme Court

On motion to direct Cuyahoga Appeals to certify. Docketed May 12, 1924, 2 Abs. 339.

118. AUTOMOBILES—Sale without bill of sale—Priority of mortgage.

The United States Lloyds, Inc., on March 17, 1923, insured Sam Katz against loss by fire or theft, robbery or pilferage, excepting the last three mentioned acts, "by any person of persons in the assured's household or in the assured's service or employment."

The automobile was ordinarily kept in a garage at the rear of his house, in Cleveland. Katz had employed one Wiggins to wash and polish his car and oil and grease it, calling him by phone to come when he desired him, to perform the service, Wiggins calling Katz by phone to ascertain whether to come and perform the service.

On April 22, 1923, Wiggins called Katz, and was instructed to come. Then the garage door was left unlocked, so that the car and materials for doing the work would be available to him when Wiggins arrived. Wiggins, however, according to the plaintiff's testimony, took the car out for some purpose not disclosed and had an accident, because of which the cost of repairing the damages was approximately $1350.

Katz presented his proof of claim to the company and the claim was denied, and payment declined, for two reasons: First, it was not sustained as a result of any theft within the meaning of the policy, and second, because Wiggins was in the employ of Katz.

Suit was filed in the Cleveland Municipal Court, a jury demanded, and at the conclusion of the evidence of Katz the trial court directed a verdict for the insurance company. Error was prosecuted to the Court of Appeals, which court reversed the Municipal, on the theory that the questions as to whether or not Wiggins stole the car. and as to whether or not he was in the employ of Katz, were questions of fact to be determined by the jury.

It is the contention of the Insurance Company that Katz having introduced no evidence to prove a theft of the car, the trial court had no alternative but to direct a verdict, and that he was the employe of Katz. The case is argued at length in the brief of the company to prove a theft of the car, the trial court had nature of the employment was such that Wiggins was an employe of Katz.

Attorneys—Quigley & Byrne, Cleveland, For Lloyds; Genetch, Rawson & Kavanaugh, for Katz; all of Cleveland.

## No. 358

JOSEPH P. BERNARD v. CLERMONT HALE

No. 18552. Ohio Supreme Court

On motion to direct Mahoning Appeals to certify. Docketed May 2, 1924. 2 Abs. 339.

For opinion of Court of Appeals, see post page 394.

The statement of this case in the Appeals opinion is sufficiently complete to dispense with the need of a further statement of.

Attorneys—See Court of Appeals Opinion.

## No. 359

JOSEPH J. DUES and ANNA DUES v. RUDOLPH ESSER

No. 18578. Ohio Supreme Court

On motion to direct Auglaize Appeals to certify. Docketed May 13, 1924, 2 Abs. 356.

For Court of Appeals Opinion, see post page 393.

The facts in this case and issues are sufficiently set forth in the opinion of Court of Appeals.

Attorneys—See Court of Appeals Opinion.