### No. 382

WEEKINK & SONS CO. v. JOE HORBALLY

No. 18588.  Pending in Ohio Supreme Court
Motion to certify docketed May 19, 1924.  2 Abs. 356.  OA. op. 2 Abs. 392.

**755. MECANICS' LIEN—Controversy between defendants as to amount of lien—Suit not commenced within the 60 days.**

This cause is pending in the Supreme Court on a motion to direct the Court of Appeals of Cuyahoga County to certify record therein. Plaintiff in error was the owner of a mechanics' lien upon premises owned by the Horballys. Horballys notified plaintiff in error to commence a suit upon said lien within sixty days thereafter, as provided in General Code 8319. Thirty days after the receipt of said notice, plaintiff in error filed its petition to foreclose upon said lien, and obtained service therein upon the original contractor and the mortgagee, the owner of the premises not being found.

The action remained pending until about eight months later, when another lien claimant, Galombos, obtained leave to become a party to the suit, filed an answer and cross-petition, and obtained service upon the Horballys. The Horballys filed an answer to the merits of the cross-petition of Galombos, but filed no answer to the petition. Later, the plaintiff in error, by an alias summons, obtained service upon the Horballys, who then answered and set up the defense that the suit had not been commenced within the sixty days from the giving of said notice.

The trial court held that because service of summons had not been had upon the owners of the fee within sixty days from the time of said notice that the lien was void, and of no effect.  This was affirmed by the Court of Appeals.

Attorneys—A. P. Gustafson, Cleveland, for Weekink & Sons Co.; Niman, Grossman, Buss & Holliday, for Horbally; all of Cleveland.

### No. 394

LEO KATZ v. AMERICAN FINANCE CO.
No. 18590.  Ohio Supreme Court

**229. CHATTEL MORTGAGE—Foreclosure of—Rights of property claimant in possession of mortgaged automobile.**

Pending on motion to direct Franklin Appeals to certify record.

The facts in this case are set forth in the case of U. S. Lloyds v. Katz, 2 Abs. 391. That case having been brought to recover on a theft insurance policy and to recover for loss of an automobile, it being claimed that the car was stolen.

In the instant case, the American Finance Co. brought action on the note and mortgage which had been executed by one Bender to the Columbus-Haynes Co., and by it transferred to the Finance Co.. The action was brought against Bender to foreclose the mortgage and recover on the note, and Katz was made a party defendant. He claimed that as he was in no way obligated on the note, he was not a proper party defendant to the suit, as he could not be joined in the action since there was no privity between him and the Finance Co. To sustain that view, counsel for Katz filed a demurrer on the ground of misjoinder. Katz contended that the proper procedure for the Finanre Co. was replevin, sinde the action sought to recover from him the possession of the automobile, and in such action Katz would be entitled to trial by jury. Both the Common Pleas and the Appelate Courts found for the Finance Co., and Katz was forced to trial without a jury in the foreclosure suit. The Court of Appeals found in favor of the Finance Co., for recovery and sale of the automobile as against Katz. The Supreme Court is asked to overrule the finding.

Attorneys—Harry Kohn, for Katz; Robert J. Beatty, for Finance Co.; both of Columbus.